UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

EUREKA DIVISON

LISA BELYEW,
        Plaintiff,

v.

NAPA STATE HOSPITAL,
        Defendant.

Case No. 17-cv-3993-NJV (PR)

**ORDER OF DISMISSAL**

Plaintiff, a detainee, proceeds with a pro se civil rights complaint under 42 U.S.C. § 1983. The court ordered Plaintiff to show cause why this case should not be dismissed. (Doc. 19.) Plaintiff has filed a response. (Docs. 20, 21.)

**Background**

This case was transferred from the Eastern District of California. Plaintiff is currently detained at Butte County Jail in Oroville, CA which lies in the Eastern District of California. There is a criminal prosecution against plaintiff in that County. Plaintiff states that the trial court found her incompetent. Plaintiff states that she will be transferred to Napa State Hospital[1] for treatment and she is concerned she will be forcibly medicated. As relief plaintiff seeks dismissal of the order transporting her to Napa State Hospital, any forced medication be denied, monetary damages and her appointed counsel be relieved so she can represent herself in the criminal trial.

In the last five months plaintiff has filed 17 federal cases in the Eastern District of California. Eight of the cases concern the competency hearing and finding of incompetency. *See*

---

[1] Napa State Hospital is in this district.

*Belyew v. Butte County Superior Court*, No. 17-cv-1028 JAM EFB, related to 17-cv-1065, 17-cv-1083, 17-cv-1153, 17-cv-1165, 17-cv-1198, 17-cv-1199, 17-cv-1200. The cases name as defendants the trial judge, defense attorney, medical doctors, court reporter and other individuals involved with the proceedings. Those cases continue in the Eastern District. Plaintiff seeks the same general relief, namely that her incompetency finding be vacated and her placement at Napa State Hospital stopped, no forced medication, release from jail and money damages.

The only named defendant in this action is Napa State Hospital. Though plaintiff has not yet been transferred to that facility nor is it clear if she will be subject to forced medication. Plaintiff already proceeds with the earlier filed cases in the Eastern District against the trial court and others involved and seeks the same relief as in this case. Moreover, the prosecution and state court proceedings are ongoing against plaintiff and it appears that plaintiff seeks immediate review of the superior court decision finding her incompetent.

**Legal Standards**

Under principles of comity and federalism, a federal court should not interfere with ongoing state criminal proceedings by granting injunctive or declaratory relief absent extraordinary circumstances. *See Younger v. Harris*, 401 U.S. 37, 43-54 (1971). Federal courts should not enjoin pending state criminal prosecutions absent a showing of the state's bad faith or harassment, or a showing that the statute challenged is "flagrantly and patently violative of express constitutional prohibitions." *Younger*, 401 U.S. at 46, 53-54 (cost, anxiety and inconvenience of criminal defense not kind of special circumstances or irreparable harm that would justify federal court intervention; statute must be unconstitutional in every "clause, sentence and paragraph, and in whatever manner" it is applied).

Under *Rooker-Feldman*, lower federal courts are without subject matter jurisdiction to review state court decisions, and state court litigants may therefore only obtain federal review by filing a petition for a writ of certiorari in the Supreme Court of the United States. *See District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 486-87 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 416 (1923); *Mothershed v. Justices*, 410 F.3d 602, 606 (9th Cir. 2005). The *Rooker-Feldman* doctrine applies even when the state court judgment is not made by the highest

state court, *see Worldwide Church of God v. McNair*, 805 F.2d 888, 893 n.3 (9th Cir. 1986), when federal constitutional issues are at stake, *see Branson v. Nott*, 62 F.3d 287, 291 (9th Cir. 1995); *Mullins v. Oregon*, 57 F.3d 789, 792 (9th Cir. 1995), and when the federal review would be of state court review of determinations made by state administrative bodies, *see Feldman*, 460 U.S. at 468, 485-86. The *Rooker-Feldman* doctrine essentially bars federal district courts "from exercising subject matter jurisdiction over a suit that is a de facto appeal from a state court judgment." *Kougasian v. TMSL, Inc.*, 359 F.3d 1136, 1139 (9th Cir. 2004); *see Skinner v. Switzer*, 562 U.S. 521, 532 (2011).

In order to recover damages for an allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a 42 U.S.C. § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus. *Heck v. Humphrey*, 512 U.S. 477, 486-487 (1994). A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983. *Id*. at 487.

"The ripeness doctrine prevents courts, through avoidance of premature adjudication, from entanglement in theoretical or abstract disagreements that do not yet have a concrete impact on the parties." *18 Unnamed "John Smith" Prisoners v. Meese*, 871 F.2d 881, 883 (9th Cir. 1989). The issue of ripeness may be raised at any time and is not waivable. *See Center for Biological Diversity v. Kempthorne*, 588 F.3d 701, 708 (9th Cir. 2009). An issue is not ripe for adjudication if it depends on "'contingent future events that may not occur as anticipated, or indeed not occur at all.'" *18 Unnamed John Smith Prisoners*, 871 F.2d at 883 (*quoting Thomas v. Union Carbide Agriculture Products*, 473 U.S. 568, 580-81 (1985)); *see*, *e.g.*, *United States v. Braren*, 338 F.3d 971, 975-76 (9th Cir. 2003) (case not ripe because agency action not final; factual development needed to determine what standard agency would ultimately apply).

Venue generally is proper in a judicial district in which: (1) any defendant resides, if all defendants are residents of the state in which the district is located; (2) a substantial part of the

3

events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) any defendant is subject to the court's personal jurisdiction, if there is no district in which the action may otherwise be brought. 28 U.S.C. § 1391(b).

**Discussion**

Plaintiff was ordered to address why this case should not be dismissed as barred by *Younger* and *Rooker-Feldman*, why her request for monetary compensation is not barred by *Heck* and why this case is not improperly brought in this district because she is not yet in this district and proceeds with the other earlier cases in the Eastern District of California. Plaintiff has filed a lengthy response, but it only addresses the underlying criminal action against her and the competency hearing. Plaintiff failed to address whether this action could proceed in this court.

Assuming that plaintiff can demonstrate that *Rooker-Feldman* does not apply and that extraordinary circumstances exist to overcome *Younger*, she cannot show that the case should be heard in this court when she already had multiple cases pending in the Eastern District. Plaintiff is being prosecuted in the Eastern District, is currently incarcerated in the Eastern District and has yet to be transferred to this district. For all these reasons, this case is dismissed. Plaintiff may continue litigating in state court and in her ongoing federal cases that present the same issues and arguments.

**CONCLUSION**

For the reasons set forth above this action is **DISMISSED**.

**IT IS SO ORDERED.**

Dated: September 27, 2017

_____
NANDOR J. VADAS
United States Magistrate Judge

4